[Civ. No. 16317.   First Dist., Div. Two.   June 20, 1955.]

ROBERT C. EASON, Respondent, v. RONALD A. BRYAN, Appellant.

Campbell, Custer, Warburton & Britton, Frank L. Custer and W. R. Dunn for Appellant.

James F. Boccardo and Edward J. Niland for Respondent.

NOURSE, P. J.—This is an appeal from an order granting a new trial in a negligence action after a verdict for defendant. The order specifies that it was granted, among other grounds, on the ground of insufficiency of the evidence to justify the verdict. Appellant's only contention is that plaintiff was contributorily negligent as a matter of law, so that the order should be reversed on the ground that no verdict for plaintiff could be upheld. (Cf. *Henningsen* v. *Howard,* 117 Cal.App.2d 352, 355 [255 P.2d 837].)

It has been stated in some way or other in too many cases to require citation, that contributory negligence as a matter of law may only be accepted when on the evidence no reasonable man could reach another conclusion and that such cases are rare. The evidence in this case is far removed from showing such a situation.

The accident happened at the intersection of 10th and Martha Streets in San Jose on November 8, 1951, at 6:45 p. m. Plaintiff stepped from a southbound bus at the northwest corner of the intersection. He was wearing a dark suit and hat. He waited until the bus had pulled away so that its rear was in the middle of the intersection before crossing 10th Street. He looked to the north where there was no oncoming traffic and then south where his view was somewhat obstructed by the bus. He then started to cross in the unmarked northerly crosswalk walking at his normal, rather fast pace. Before he came to the middle of 10th Street he again looked south; he could now see along the left side of the bus, which had gone further south, and he saw south on 10th Street the lights of an oncoming car, approximately 150 feet from the intersection. He did not see an indication of great speed, which would make crossing unsafe for him, and he accordingly continued a few steps in the crosswalk past the middle of 10th Street. When then again he looked south he saw the car at the southerly edge of the intersection, 40 to 50 feet away, bearing rapidly down on him. He ran for the sidewalk but was hit when he was still 8 or 9 feet from the easterly curb of 10th Street.

In passing upon a motion for a new trial, based upon the insufficiency of the evidence, the trial court, like a

trier of facts, judges the credibility of witnesses, determines the probative force of testimony and weighs the evidence. Such is its exclusive province, and if it grants the motion the appellate court will reverse such order only if as a matter of law the evidence would not support a verdict or judgment contrary to that given in the original trial. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].) As this is clearly not the case here the order may not be disturbed.

Order affirmed.

Dooling, J., and Kaufman, J., concurred.